IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| LORENZO ADDERLY, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> JOHN OWENS, WARDEN OF ) <br> FCI-WILLIAMSBURG, ) <br> ) <br>     Respondents. ) <br> _____ ) | Civil Action No. 3:09-2900-DCN-JRM <br><br> **REPORT AND RECOMMENDATION** |

Petitioner, Lorenzo Adderly ("Adderly"), is an inmate at FCI-Williamsburg serving a sentence of 235 months[1] imprisonment imposed in the Eastern District of Virginia for a violation of 21 U.S.C. § 846. Adderly filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on November 12, 2009, alleging that the Federal Bureau of Prisons ("BOP") had improperly computed his release date. Respondent filed a motion for summary judgment on March 1, 2010. Because Adderly is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on March 2, 2010, advising him of his responsibility to respond to the Respondent's motion for summary judgment. Adderly filed his response on March 15, 2010.

**Discussion**

An affidavit attached to Respondent's motion from Sandra Lathrop, the Supervisory

---

[1] Adderly was originally sentenced to 360 months, but the sentence was reduced in 2008 based on amended guidelines for crack cocaine.

1

Correctional Systems Specialist, shows that Adderly was sentenced on February 5, 1996. His sentence was reduced on June 17, 2008. BOP calculated Adderly's release date of March 2, 2015 giving him credit for 186 days of prior custody credit, i.e., "jail time." BOP has also determined that Adderly is eligible to earn 921 days of "good time credit" ("GTC"), and if earned, Adderly will be eligible for relief as early as August 23, 2012.

Upon conviction a defendant is "committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). The BOP is responsible for determining the beginning date of the prisoner's sentence and calculation of a release date giving the prisoner credit for pretrial custody pursuant to 18 U.S.C. § 3585(b); *See* U.S. v. Wilson, 530 U.S. 329 (1992). Once the release date is determined, BOP is required to annually give the prisoner credit toward service of his sentence based on "satisfactory behavior" pursuant to 18 U.S.C. § 3624(b). These credits are generally referred to as GTC.

Pursuant to 18 U.S.C. § 3624(b), "a prisoner who is serving a term of imprisonment of more than 1 year ... may receive credit toward the service of the prisoner's sentence...of up to 54 days <u>at the end of each year of the prisoner's term of imprisonment</u>, beginning at the end of the first year of the term" (emphasis added) based on BOP's determination that the prisoner is entitled to such credits due to exemplary good behavior. BOP has promulgated regulations, i.e., "Program Statement 5880.28, Sentence Computation Manuel-CCA", a copy of the relevant portion is attached as Exhibit 3 to Respondent's memorandum, to address the mechanics of awarding GTCs. BOP uses the date of the beginning of pretrial custody, not the date of imposition of sentence, to calculate the prisoner's first year of imprisonment. (Res.Mem., Ex. 1, ¶ 10).

2

Adderly argues that the BOP's calculation of his release date based on GTCs is inaccurate because it deducts GTCs based on the time actually served as opposed to the date sentence was imposed. However, BOP dutifully followed its Program Statement (Res.Mem., Ex. 3) by giving Adderly GTC "of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term." Courts have consistently upheld BOP's method of awarding GTCs as a logical and permissible interpretation of 18 U.S.C. § 3624(b). *See* Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); and Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997).

## Conclusion

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted.**

_____
Joseph R. McCrorey
United States Magistrate Judge

August 24, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).