IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lorenzo Adderly, | ) |
|     Petitioner, | )    C/A No. 3:09-2900-DCN-JRM |
| vs. | ) |
| John Owens, Warden of | )    **ORDER AND OPINION** |
| FCI Williamsburg, | ) |
|     Respondent. | ) |

This matter is before the court on the magistrate judge's report and recommendation (R&R) that this court grant respondent's motion for summary judgment. Respondent argues that the petitioner has failed to state a claim, and further, that summary judgment should be granted because the Bureau of Prisons (BOP) strictly follows the guidelines for calculating good time credit (GTC) and determining release dates for inmates set forth in 18 U.S.C. §3624(b)(1). Petitioner timely filed objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's R&R and grants respondent's motion for summary judgment.

**I. BACKGROUND**

Petitioner is an inmate at Federal Correctional Institution (FCI) Williamsburg, in Salters, South Carolina. He is currently serving a 235-month term of imprisonment following his conviction for violating 21 U.S.C. § 846. On November 12, 2009, petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP had improperly computed his release date. Specifically, petitioner argued that the BOP incorrectly based its GTC calculation on the time served by

1

petitioner rather than the total sentence imposed on him. Respondent filed a motion for summary judgment on March 1, 2010, arguing that its GTC calculation was both lawful and constitutional. Respondent further argued that petitioner had failed to state a claim. Petitioner timely filed a response to respondent's motion for summary judgment. The magistrate judge filed an R&R on August 24, 2010, recommending that this court grant summary judgment in favor of respondent. Petitioner timely filed objections to the R&R on September 3, 2010. Petitioner objects to the BOP's use of the time served by petitioner rather than the sentence imposed when calculating GTC, and thus, petitioner's release date. Petitioner also objects to the magistrate judge's failure to apply the rule of lenity, which would allow for an ambiguous statute to be read in the light most favorable to petitioner.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v.

Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

### III. PRO SE PETITIONS

Petitioner is proceeding pro se in this case. Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(C). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

## V. DISCUSSION

"A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." 18 U.S.C. § 3621(a). The calculation of an inmate's release date is controlled by 18 U.S.C. § 3624. Subsection 3624(b)(1) specifies how to calculate an inmate's GTC in order to determine a release date. The pertinent part of subsection (b)(1) is as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to the determination of the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . [I]f the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In

4

> awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress towards earning, a high school diploma or equivalent degree. Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1). Until recently, courts have had differing opinions regarding the correct interpretation of the phrase "term of imprisonment." The question arises from the use of that phrase three separate times within the subsection quoted above.

The Supreme Court recently resolved this issue in Barber v. Thomas, --- U.S. ----, 130 S. Ct. 2499 (2010). In Barber, the prisoner petitioners argued that the BOP's method of determining their release dates, using the time served by petitioners to calculate GTC, was unlawful. Id. at 2503. The petitioners argued that § 3624(b)(1) "requires a straightforward calculation based upon the length of the term of imprisonment that the sentencing judge imposes, not the length of time that the prisoner actually serves." Id. The petitioners also requested that the rule of lenity be applied in the Court's reading of the statute. Id. at 2508.

The Court determined that the phrase "term of imprisonment" can refer to both "sentence imposed" and "time served" within the same statute. Id. at 2506. The latter reading was to be applied to the third mention of "term of imprisonment" in § 3624(b)(1). Id. at 2506-07. The Court reasoned that to read and apply the phrase prospectively, before an inmate has served time and his good behavior has been observed, "loosens the statute's connection between good behavior and the award of good time and transforms the nature of the exception to the basic sentence-imposed-is-sentence-served rule. And to

5

that extent, it is inconsistent with the statute's basic purpose." Id. at 2505-06.

The Court dismissed the petitioners' release date arguments by finding that the method of calculation used by BOP was lawful. Id. at 2511. "We remain convinced that the BOP's approach reflects the most natural reading of the statutory language and the most consistent with its purpose." Id. Finally, the Supreme Court declined to apply the rule of lenity, which would have allowed a reading more favorable to the petitioners. Id. at 2509. The Court held that "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute,'" and the court failed to find any such ambiguity or uncertainty in § 3624(b)(1). Id. at 2508-09 (quoting Muscarello v. United States, 524 U.S. 125, 139 (1998)).

Prior to the decision in Barber, a majority of circuit courts of appeal, including the Fourth Circuit, routinely upheld the BOP's method of calculating GTC and inmate release dates. See Perez-Olivo v. Chavez, 394 F.3d 45 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); Yi v. Federal Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005); Sample v. Morrison, 406 F.3d 310 (5th Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2005); Bernitt v. Martinez, 432 F.3d 868 (8th Cir. 2005); Wright v. Federal Bureau of Prisons, 451 F.3d 1231 (10th Cir. 2006); Brown v. McFadden, 416 F.3d 1271 (11th Cir. 2005).

In Yi, the petitioner argued that the phrase "term of imprisonment" should be interpreted as "sentence imposed" and not as "time served" and that the BOP had unlawfully used the latter definition in formulating his release date. Id. at 529. Even though the Fourth Circuit found that the phrase "term of imprisonment" as used in §

6

3624(b)(1) was ambiguous, the court examined the BOP's interpretation of "term of imprisonment," which defined the phrase as "time served," and found that the interpretation was reasonable and consistent with the congressional mandate "that the BOP reward a prisoner 'at the end of each year' for good behavior demonstrated 'during the year.'" Id. at 533-34 (quoting 18 U.S.C. § 3624(b)(1)).

Echoing the arguments previously made by other inmates in Barber and Yi, petitioner argues that the BOP's method of calculation is unlawful because it interprets the phrase "term of imprisonment" as "time served." The petitioner claims that the statute must be viewed as a whole and that the meaning of any particular phrase must be the same throughout. The Supreme Court clearly laid this issue to rest in Barber and specifically stated that "term of imprisonment" should be defined as "time served" when calculating GTC under § 3624(b)(1). Barber, 130 S. Ct. at 2506-07. Furthermore, the Court has acknowledged that multiple meanings of the phrase "term of imprisonment" can harmoniously coexist within the same statute. Id. at 2506. While petitioner argues that his good time credit should accrue after 311 days, the Supreme Court has made clear that prisoners are entitled to GTC only after having served 365 calendar days in custody. Id. at 2509-10. Finally, petitioner's request that the rule of lenity be applied to allow a more favorable reading of § 3624(b)(1) is also adequately addressed in Barber. The Supreme Court has found that the rule of lenity need not be applied to the interpretation of § 3624(b)(1), stating that the Court "see[s] no 'grievous ambiguity or uncertainty' that would trigger the rule's application." Id. at 2511.

# VI. CONCLUSION

For the foregoing reasons, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** respondent's motion for summary judgment.

    **AND IT IS SO ORDERED.**

                                                     **DAVID C. NORTON**
                                                     **CHIEF UNITED STATES DISTRICT JUDGE**

**November 8, 2010**
**Charleston, South Carolina**